IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN F. FRANCIS,**

        **Petitioner,**

v.

**SHANNON MEYER, et al.,**[1]

        **Respondents.**

Case No. 21-3079-DDC

## MEMORANDUM AND ORDER

Petitioner John F. Francis, through counsel, has filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 2). The State of Kansas has filed an Answer and Return (Doc. 7), and Mr. Francis has filed a Traverse (Doc. 12). The Traverse is lengthy—it's 83 pages and contains extensive and complicated legal arguments that Mr. Francis didn't raise in his Amended Petition. And, in some instances, it re-frames claims that Mr. Francis presented in a different light in his Amended Petition. For that reason, the State has filed a Motion to Strike the Traverse (Doc. 14). Alternatively, the State asks for an opportunity to file a sur-reply to respond to Mr. Francis's legal arguments. The court concludes that the State's latter request is more appropriate here. So, the court grants in part and denies in part the State's motion. While the court won't strike Mr. Francis's Traverse, it will allow the State to file a sur-reply. The court explains the reasons for this ruling, below.

---

[1] When Mr. Francis filed his 28 U.S.C. § 2254 Petition, he was incarcerated at the El Dorado Correctional Facility. So, he named the warden at El Dorado, Sam Cline, as the lead respondent. But respondents advise the court that Mr. Francis now is incarcerated at the Lansing Correctional Facility, where Shannon Meyer is the warden. Doc. 7 at 1 n.1. The court thus updates the caption for this case.

Under Rule 5 of the Rules Governing Section 2254 Cases, briefing on a § 2254 petition is limited to an Answer and Return (if ordered by the Court), and a Reply (historically called a Traverse).  Sur-replies typically aren't allowed.  *See Tercero v. Gonzales*, No. 11-CV-1035 JCH/SMV, 2013 WL 12333492, at *1 (D.N.M. Jan. 8, 2013) ("[T]he rules governing habeas petitions do not recognize pleadings beyond the petition itself, an answer, and a reply."); *see also Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) (recognizing the same principle under D. Kan. Rule 7.1(b)).

Sur-replies are permitted only with leave of court and under "rare circumstances" after good cause is shown.  *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998) (citations and internal quotation marks omitted).   For example, when a moving party uses their reply to present new material—*i.e.*, new evidence or new legal arguments—and if the court relies on that new material, it should give the non-moving party an opportunity to respond.  *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).  The rules governing sur-replies are based on common sense.  They "are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." *Humphries*, 1998 WL 982903, at *1 (citation and internal quotation marks omitted).

Here, the court concludes that a sur-reply is warranted.  To explain why that's so, the court first explains the circumstances presented in this case.  Mr. Francis's counsel filed a § 2254 Petition asserting 13 grounds for relief.  He didn't file a contemporaneous memorandum of law in support of that Petition.  Instead, he filed a brief containing the legal arguments supporting his Petition *after* the State filed its Answer and Return.  And he styled that memorandum as a

2

Traverse—even though the court directed that Mr. Francis should limit his traverse to "admitting or denying, under oath, all factual allegations" contained in the State's Answer and Return.  Doc. 3 at 2.

Our court has encountered such circumstances before, where a § 2254 petitioner reserves his legal arguments until the Traverse.  And in at least two cases identified by the State, our court has struck the Traverse.  *See Martinez v. Kansas*, No. CIV.A. 05-3415-MLB, 2006 WL 3350653, at *1 (D. Kan. Nov. 17, 2006) (striking "a document denominated 'Traverse,' but which [wa]s, in fact, a memorandum of law in which [petitioner sought] to supply the facts and argument that he should have provided in his petition"); *see also Peterman v. McKune*, No. 05-3441-JAR, 2007 WL 3120697, at *3 (D. Kan. Oct. 24, 2007) (explaining that the court previously "granted the State's Motion to Strike Traverse because the traverse was really a memorandum of law that should have been filed with [the] petition").  But, in both cases, the same counsel represented the petitioner.  And, in striking the Traverse, our court noted that it did so, in part, because that counsel had demonstrated a repeat pattern of reserving his legal arguments until the Traverse, thus depriving the State of a meaningful opportunity to respond.  *See Martinez*, 2006 WL 3350653, at *1–2; Order at 1, *Peterman v. McKune*, No. 05-3441-JAR, (D. Kan. Mar. 16, 2007), ECF No. 24.

The circumstances here are a bit different.  The State notes that Mr. Francis's counsel has engaged in this tactic before in our court.  *See LaPointe v. Schmidt*, No. 14-3161-JWB, 2019 WL 5622421, at *6 (D. Kan. Oct. 31, 2019).  But the circumstances in *LaPointe* weren't nearly as egregious as the ones in *Martinez* and *Peterman*.  In *LaPointe*, counsel filed a lengthy traverse with legal arguments he didn't raise in the petition because, when he filed the petition, state post-

3

conviction proceedings were ongoing. For that reason, Judge Broomes declined to strike the new legal arguments that relied on facts developed during the state proceedings. *Id.* at *5–6.

Here, counsel asserts that he filed Mr. Francis's § 2254 petition "to comply with the statute of limitations" and, at the time of the filing, "he was still investigating the claims raised in the 2254 petition." Doc. 15 at 1. And so, he contends, he reserved legal arguments until the Traverse. While that reason isn't as compelling as the justification for delay in *LaPointe*, the court finds that the circumstances here aren't so egregious that they justify striking the Traverse. So, given that finding—and the court's reluctance to punish a federal habeas petitioner for his counsel's actions—the court won't strike the Traverse. Instead, the court will give the State an opportunity to file a sur-reply. Because Mr. Francis's legal arguments are contained in his Traverse, the court necessarily will rely on those arguments in considering whether he's entitled to relief under 28 U.S.C. § 2254. As a result, the court believes it's necessary to hear the State's response to those arguments before it rules Mr. Francis's § 2254 Petition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the State's Motion to Strike Traverse (Doc. 14) is granted in part and denied in part. The court won't strike the Traverse. But it will allow the State to file a sur-reply. **The State is Ordered to file a sur-reply within 30 days of this Order's date, by June 3, 2022.**

**IT IS SO ORDERED.**

**Dated this 4th day of May, 2022, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**